**UNITED STATES of America,**
**Appellee,**

v.

**Ishmael ROMAN, also known as Ish, Defendant–Appellant.**

**No. 05–5257–CR.**

United States Court of Appeals,
Second Circuit.

May 26, 2006.

Ira D. London (Avrom Robin, of counsel), New York, NY, for Defendant–Appellant.

Rebecca A. Monck, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Harry Sandick, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present: DENNIS JACOBS, B.D. PARKER, Circuit Judges and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Defendant Ishmael Roman ("Roman") appeals from a judgment of conviction, entered on September 22, 2005 in the United States District Court for the Southern District of New York (Preska, J.), on Roman's plea of guilty to conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1),

841(b)(1)(A)(a), and 846. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Where, as here, a party fails to lodge a timely objection to the admission or consideration of evidence, we review for plain error. See Rule 52(b), Fed.R.Crim.P.; *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ (1) At the sentencing, the district court did not commit error (plain or otherwise) in admitting and considering Roman's proffer statements. In *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995), the Supreme Court determined that the protections afforded a defendant under Rule 410, Fed.R.Evid., which provides that statements made during plea discussions or proffer sessions are generally inadmissable against a defendant in any civil or criminal proceeding, are waiveable. *See id.* at 209–10, 115 S.Ct. 797 (plea discussions); *United States v. Velez*, 354 F.3d 190, 194 (2d Cir.2004) (proffer sessions). "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules [i.e., Rule 410 and Rule 11(f), Fed. R.Crim.P.] is valid and enforceable." *Mezzanatto*, 513 U.S. at 210, 115 S.Ct. 797; see *generally* Benjamin A. Naftalis, "Queen for a Day" Agreements and the Proper Scope of Permissible Waiver of the Federal Plea–Statement Rules, 37 Colum. J.L. & Soc. Probs. 1, 17–24 (2003). Here, Roman concedes that he knowingly and voluntarily proffered with the government.

---

* The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

**68**

In *Velez*, we extended *Mezzanatto*, and rejected the same challenges to the government's proffer agreement (which requires a defendant to waive his Rule 410 rights) that Roman now raises. Specifically, we concluded that the terms of the instant proffer agreement pass constitutional muster, and rejected, *inter alia*, the arguments that: (1) the asserted disparity of power between the Government and a defendant in proffers renders waiver provisions in proffer agreements unenforceable, see *Mezzanatto*, 513 U.S. at 196, 115 S.Ct. 797; and (2) the agreement impermissibly requires a defendant to give up the opportunity to go to trial and put on a meaningful defense, *see id.*

■ (2) The district court properly refused safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The evidence presented in the *Fatico* hearing established that Roman "possess[ed] a firearm or other dangerous weapons ... in connection with the offense." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Furthermore, the district court considered each Sentencing Guideline issue separate and apart from its safety valve determination.

We have considered Roman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of conviction of the district court is hereby **AFFIRMED.**